No. 87-278
IN THE SUPREME COURT OF THE STATE OF MONTANA
1988

EUGENE T. OLMSTEAD, Personal
Representative of the Estate
of Ione Olmstead, Deceased,

          Plaintiff and Appellant,

    -vs-

STEVEN E. HUBERT,

          Defendant and Third-Party
          Defendant,

    and

MILBANK MUTUAL INSURANCE COMPANY,

          Intervenor, Third-Party Plaintiff
          and Respondent,

    -vs-

UNITED PACIFIC INSURANCE COMPANY,

          Third-Party Defendant and Appellant.


APPEAL FROM: District Court of the Eleventh Judicial District,
           In and for the County of Flathead,
           The Honorable Michael Keedy, Judge presiding.

COUNSEL OF RECORD:
      For Appellant:

          Murphy, Robinson, Heckathorn & Phillips; I. James
          Heckathorn, Kalispell, Montana
          Murray, Kaufman, Vidal & Gordon; James E. Vidal,
          Kalispell, Montana

      For Respondent:

          Warden, Christiansen, Johnson & Berg; Gary R. Christ-
          iansen, Kalispell, Montana
          M. Dean Jellison, Kalispell, Montana


Submitted on Briefs:  Nov. 13, 1987
Decided:  February 18, 1988

FEB 1 8 1988

Filed:

_Ethel M. Harrison_
Clerk

Mr. Justice R. C. McDonough delivered the Opinion of the Court.

The plaintiff was involved in a four vehicle accident. Two vehicles were insured, one was uninsured. Olmstead settled with the insured drivers and brought an action against the third, Steven E. Hubert, to establish liability in order to recover on his uninsured motorist coverage. The District Court, Eleventh Judicial District, Flathead County, Montana, entered summary judgment against Olmstead holding that Hubert was not an uninsured motorist. We affirm.

The four vehicles involved in this accident were insured as follows:

Hansen, Vehicle No. 1, United Pacific
Hubert, Vehicle No. 2, no insurance
Olmstead, Vehicle No. 3, Milbank
Schwartz, Vehicle No. 4, United Pacific

Hansen's vehicle went off icy U.S. Highway 93 at night. Hubert stopped to help and attached a chain between the two vehicles. Olmsteads' vehicle was proceeding south when it struck the Hubert vehicle. The Schwartz vehicle was also proceeding south when it struck the Olmstead vehicle, which again struck the Hubert vehicle. Eugene Olmstead and his wife, Ione, were both injured. Olmstead settled with United Pacific, relative to Hansen and Schwarts, and reserved claims against Hubert. Olmstead made a claim under his uninsured motorist coverage. Milbank refused to provide coverage, asserting that Hansen was "using" the Hubert vehicle because of the towing and the Hansen vehicle was insured so Hubert was not an uninsured motorist. The District Court agreed. The issues on appeal are: 1) whether the vehicle operated by Steven E. Hubert was an uninsured vehicle on the date in

2

question; and 2) does Hansen's insurer owe Hubert a duty to defend?

Olmstead contends that Hubert was uninsured because he had no insurance for the operation of his own vehicle or his use of Hansen's vehicle. Olmstead argues that the mere fact that Hansen purchased insurance to cover himself in the use of any automobile does not insulate Hubert as the owner and operator of an uninsured motor vehicle, from his own negligence and liability.

Section 33-23-201, MCA, governs uninsured motorist coverage:

> (1) No motor vehicle liability policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance, or use of a motor vehicle may be delivered or issued for delivery in this state, with respect to any motor vehicle registered and principally garaged in this state, unless coverage is provided therein or supplemental thereto, in limits for bodily injury or death set forth in 61-6-103, under provisions filed with and approved by the commissioner, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness, or disease, including death, resulting therefrom, caused by an accident arising out of the operation or use of such vehicle. An uninsured motor vehicle is a land motor vehicle, neither the ownership, nor the maintenance, nor the use of which is insured or bonded for bodily injury liability at the time of the accident.

Here we have an uninsured motor vehicle towing an insured motor vehicle. The towing of one vehicle by another falls under the definition of use. "When the accident at issue occurred, ABT Towing and Jarvis were towing the insured auto, and were therefore 'using' the auto in such a fashion as to invoke coverage. Under similar circumstances, a clear

majority of jurisdictions find that a 'use' is occurring and that liability coverage applies." Westfield Ins. v. Aetna Life & Casualty Co. (Ariz. 1987), 739 P.2d 218, 220.

The Hansen vehicle was using the Hubert vehicle. Section 33-23-201, MCA, provides that an uninsured motor vehicle is one the use of which is not insured at the time of the accident. Hansen's use of Hubert's vehicle was covered by his insurance issued by United Pacific. The policy provided "We will pay damages for which any insured person is legally liable . . . arising out of the ownership, maintenance or use of a private passenger car. . . . Insured person as used in this part means: 2. Any person using your insured car." Hubert does not qualify as an uninsured motorist because the use of his vehicle was insured by Hansen's policy.

Hansen's policy with United Pacific provides coverage for "any person using your insured car". The policy provides "We will pay damages for which any insured person is legally liable. . . . We will defend any claim or suit asking for these damages. . . ." Hubert was using Hansen's automobile, so in accordance with the policy language United Pacific owes a duty to defend. Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_John C. Sheehy_

_A.C. Gulbrandson_

_William E. Hunt Sr_
Justices